IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY COUCH**, | : | |
| 2717 Spring Hill Road | : | |
| Goshen, OH 45122 | : | |
| | : | |
| **Plaintiff, for himself,** | : | Case No.  1:19-cv-59 |
| **and all others similarly situated,** | : | |
| | : | **Judge**: |
| v. | : | |
| | : | |
| **CERTIFIED FLOORING** | : | |
| **INSTALLATION, INC.,** | : | |
| Serve Statutory Agent: | : | |
| Todd Jones | : | **Jury Demand Endorsed Hereon** |
| 10325 State Route 43 | : | |
| Streetsboro, OH 44241 | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

NOW COMES Plaintiff Anthony Couch ("Plaintiff") and proffers this Complaint for damages against Defendant Certified Flooring Installation, Inc. ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111") and Kentucky Revised Statute Chapter 337, *et seq.* ("Chapter 337").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory laws of Ohio and Kentucky pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff resides in the Southern District of Ohio and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Anthony Couch is an individual, a United States citizen, and a resident of the state of Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined in the FLSA, O.R.C. Chapter 4111, and K.R.S. Chapter 337.

7. Defendant is a Kentucky corporation doing business in the Southern District of Ohio.

8. At all times relevant herein, Defendant is a covered "employer" as that term is defined in the FLSA, O.R.C. Chapter 4111, and K.R.S. Chapter 337.

9. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

10. Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consent form is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

11. Plaintiff Anthony Couch ("Plaintiff Couch") began working for Defendant on or around November 2016, in the position of a Carpet Installer. Plaintiff Couch's employment was terminated on or about January 22, 2018.

12. Defendant is a carpet installation company that installs carpets on behalf of Home Depot. Customers purchase the carpets from Home Depot and are given the option of having Carpet Installers from Defendant come to their home and install the carpet. Defendant provides these services to customers in exchange for payment from the customers.

13. Upon information and belief, Carpet Installers perform the same job duties and are subject to the same policies and procedures – including wage and hour policies.

14. Defendant instructs all Carpet Installers to go out into the field and install carpet on Defendant's behalf.

15. Plaintiff installed carpets on behalf of Defendant in Ohio and Kentucky.

16. Defendant requires the Carpet Installers to report to Defendant's facility in Hebron, Kentucky each morning by at least 8:00 a.m. While at the facility, the Carpet Installers are required to do, among other things, get equipment and supplies, load the carpet and padding in Defendant's trucks, receive instructions from supervisors, pick up the Defendant's trucks so they can drive the customers' homes, receive their work assignments for the day, and attend employee meetings.

17. Plaintiff Couch, along with the other Carpet Installers, drove to customers' homes after completing the tasks at the Defendant's facility. The Carpet Installers would install carpet at customers' homes through the remaining part of the day, typically not returning to Defendant's facility until approximately 4:30 p.m. each day.

18. Plaintiff Couch, along with the other Carpet Installers, worked Monday through Friday, usually working from 8:00 a.m. through 4:30 p.m. each day, with no breaks.

19. Defendant also required the Carpet Installers to work a number of weekend days per month.

20. After several months working for Defendant, Defendant began paying Plaintiff Couch strictly on a piece-rate basis. Specifically, Defendant paid Plaintiff Couch $1.65 for each yard of carpet he installed, eventually increasing his pay to $1.90 for each yard of carpet he installed.

21. Upon information and belief, Defendant paid all Carpet Installers on a piece-rate basis after they had worked a certain period of time for Defendant.

22. At various points, Defendant classified the Carpet Installers as employees exempt from overtime laws, as Defendant did not pay the Carpet Installers a premium payment for the hours they worked above forty in a work week.

23. Defendant was aware, however, that Carpet Installers often worked more than forty hours per week. Defendant was aware of this fact because the Carpet Installers were required to report to the Defendant's premises before they started installing carpet for the day. Defendant also was aware of the time when Carpet Installers stopped working each day because the Carpet Installers had to report back to Defendant's premises. Defendant was further aware that Carpet Installers were working more than 40 hours because it required Carpet Installers to work on the weekends during that time.

**FIRST CAUSE OF ACTION**
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. -**
**Failure to Pay Overtime**

24. All of the preceding paragraphs are realleged as if fully rewritten herein.

25. Plaintiff brings this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes: All current and former Carpet Installers employed by Defendant who worked over forty hours in any workweek beginning January 24, 2016 though the present and were not paid time and a half for the hours worked over forty.

4

26. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

27. In the three years prior to the date of filing this Complaint, Defendant has employed approximately 25 Carpet Installers, including Plaintiff, at Plaintiff's location. Upon information and belief, there are other Carpet Installers at other locations who worked for Defendant and may have been subject to the same policies. These other Carpet Installers are similarly situated to Plaintiff and referred to herein as Similarly Situated Plaintiffs or "SSPs".

28. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all Carpet Installers and is acting on behalf of their interests as well as his own in bringing this action.

29. The SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

30. Plaintiff and the SSPs were paid on a per-task basis.

31. Plaintiff and the SSPs were not exempt from receiving FLSA overtime benefits.

32. Plaintiff and the SSPs were misclassified by Defendant as non-exempt employees.

33. Plaintiff and the SSPs were not paid an overtime premium for all hours worked over forty in a work week.

34. Defendant was aware that Plaintiff and the SSPs were working significantly more than 40 hours per week, but were not receiving overtime compensation for hours worked in excess of 40 per week.

Case: 1:19-cv-00059-DRC Doc #: 1 Filed: 01/24/19 Page: 6 of 8 PAGEID #: 6

35. Defendant knew or should have known it was required to pay Plaintiff and the SSPs overtime pay under the FLSA.

36. Upon information and belief, Defendant's misclassification of Plaintiff and the SSPs and their failure to pay them overtime pay for all hours worked in excess of forty per week was a company policy enforced by Defendant.

37. Defendant violated the FLSA by failing to compensate Plaintiff and the SSPs at time and one-half times their regular rates for all hours worked over forty (40) hours in a workweek.

38. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

39. Defendant is in possession and control of necessary documents and information from which Plaintiff and the SSPs would be able to precisely calculate damages.

40. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without overtime compensation. As a result, Plaintiffs and the SSPs have been damaged.

## SECOND CAUSE OF ACTION
## OMFWSA R.C. 4111, *et seq*. -
## Failure to Pay Overtime

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. This claim is brought under Ohio Law.

43. Defendant's repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) to Plaintiff and the SSPs violated Section 4111.03 of the Ohio Revised Code.

44. For the Defendant's violations of ORC 4111.03, Plaintiff and SSPs are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION
### K.R.S. 337.285, *et seq.* –
### Failure to Pay Overtime

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought under Kentucky Law.

47. Defendant's repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) to Plaintiff and the SSPs violated Chapter 337.285, *et seq.* of the Kentucky Revised Statutes.

48. For the Defendant's violations of K.R.S. 337.285, *et seq.*, Plaintiff and SSPs are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Kentucky law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the FLSA collective, prays for relief as follows:

A. Certification as a collective action to all SSPs and appointment of named Plaintiff and his counsel to represent the Class;

B. Entry of an order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the Class the total amount of damages to which Plaintiff and the Class are entitled including unpaid wages, unpaid overtime, liquidated damages, interest, costs of the litigation and administration of the common fund, and attorney's fees;

C. Injunctive relief for Defendant to cease violations of the FLSA; and

D. Such other or additional relief deemed appropriate by the Court.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
Brian G. Greivenkamp (0095918)
**GIBSON LAW, LLC**
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
(brad@gibsonemploymentlaw.com)
(brian@gibsonemploymentlaw.com)
 Ph:  (513) 834-8254

## JURY DEMAND

Plaintiff demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)