**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)**

| | | |
|---|---|---|
| **ANTHONY COUCH, *ET AL.*** | : | **Case No. 1:19-cv-00059-TSB** |
| | : | |
| **Plaintiffs** | : | **(Judge Timothy S. Black)** |
| | : | |
| **v.** | : | **DEFENDANT'S MEMORANDUM IN** |
| | : | **OPPOSITION TO PLAINTIFFS'** |
| **CERTIFIED FLOORING** | : | **MOTION FOR CONDITIONAL** |
| **INSTALLATION, INC.** | : | **CLASS CERTIFICATION, AND** |
| | : | **COURT-SUPERVISED NOTICE TO** |
| **Defendant** | : | **POTENTIAL OPT-IN PLAINTIFFS** |

## I.    INTRODUCTION.

This memorandum is provided by defendant Certified Flooring Installation, Inc., a Kentucky corporation ("Certified Flooring"), in opposition to *Plaintiffs' Motion for Conditional Class Certification, and Court-Supervised Notice to Potential Opt-In Plaintiff* (Doc.#8) of plaintiffs Anthony Couch, Bradlee Belser, Tyler Hensley, and Nicholas Muccillo (collectively, the "plaintiffs") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").

## II.    DISCUSSION.

### A.    Standards Governing FLSA's Collective Action Procedure.

This Court recently analyzed FLSA's two-step collective action procedures and standards in *Abner v. Convergys Corp.,* Case No. 1:18-cv-442, 2019 WL 1573201 (S.D. Ohio Apr. 11, 2019), as follows:

> The FLSA allows employees, under certain circumstances, to collectively sue an employer to recover unpaid overtime compensation.  *See* 29 U.S.C. § 216(b). The statute provides in relevant part:
>
>> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an

> additional equal amount as liquidated damages....An action to recover...may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* Accordingly, Section 216(b) establishes two requirements for a collective action: (1) the plaintiffs must be "similarly situated" and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action. *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

The Sixth Circuit has implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action. *Hughes v. Gulf Interstate Field Servs., Inc.*, No. 2:14–cv–432, 2015 WL 4112312, at *2, 2015 U.S. Dist. LEXIS 88205, at *6 (S.D. Ohio July 7, 2015) (Sargus, J) (citing *In re HCR ManorCare, Inc.*, No. 11–3866, 2011 WL 7461073, 2011 U.S. App. LEXIS 26241 (6th Cir. Sept. 28, 2011)).  First, in what is referred to as the "initial notice stage," the Court must determine whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011).  At the second stage, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiffs' claims.  *Id. . . .*

At the first stage, which is the stage at issue here, a plaintiff must only make a "modest showing that they are similarly situated to the proposed class of employees." *Lewis v. Huntington Nat. Bank*, 789 F. Supp.2d 863, 867 (S.D. Ohio 2011) (Marbley, J).  This standard is "fairly lenient" and "typically results in conditional certification." *Id.*, quoting *Comer*, 454 F.3d at 547.  Ultimately, the issue of whether to grant conditional certification is in the district court's discretion. *Comer*, 454 F.3d at 546.  When considering a pre-discovery motion for conditional certification, the Court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. *Swigart*, 276 F.R.D. at 214.  Requiring additional factual support, or weighing the defendant's competing factual assertions prior to discovery, would "intrude improperly into the merits of the action." *Lacy v. Reddy Elec. Co.*, No. 3:11–cv–52, 2011 WL 6149842, at *3, 2011 U.S. Dist. LEXIS 142050, at *8 (S.D. Ohio Dec. 9, 2011) (Rice, J), citing *Murton v. Measurecomp LLC*, No. 1:07-cv-3127, 2008 WL 5725631, at *5 (N.D. Ohio June 9, 2008).

Although the FLSA does not define "similarly situated," the Sixth Circuit has found that employees are similarly situated if they "suffer from a single, FLSA-violating policy" or their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Ford v. Carnegie Mgmt. Servs.*, No. 2:16–cv–18,

2

2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (Jolson, MJ, citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).

*Abner v. Convergys Corp.,* 2019 WL 1573201 at *4-*5.

Courts should not grant conditional certification "unless the plaintiff presents some evidence to support her allegations that others are similarly situated." *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (Holschuh, J.). "The Court should consider 'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists.'" *Lewis v. Huntington Nat'l Bank*, 789 F. Supp.2d 863, 868 (S.D. Ohio 2011) (Marbley, J.), quoting *Heaps v. Safelite Solutions, LLC*, No. 10-CV-729, 2011 WL 1325207 at *2 (S.D. Ohio Dec. 22, 2011) (Frost, J.).

If plausible grounds exist and conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Richardson v. Vizion One Inc.,* Case No. 2:17-cv-838, 2018 WL 3912805 at *2 (S.D. Ohio Aug. 16, 2018)(Vascura, MJ), quoting *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015) (Deavers, M.J.).  Final certification occurs after all class plaintiffs have opted in and discovery has concluded.  *Comer,* 454 F.3d at 546.  "At this stage, 'trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated.' " *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-159, 2012 WL 6593936, at *3 (S.D. Ohio Dec. 17, 2012) (King, M.J.), quoting *Comer*, 454 F.3d at 547, *report and recommendation adopted by* No. 2:12-CV-159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013).  At this second stage, courts employ a stricter standard to determine if class

plaintiffs are "similarly situated" because courts have access to much more information on which they can rely than they did at the conditional certification stage. *Comer,* 454 F.3d at 547. "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye v. Baptist Memorial Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Finally, a defendant "may file a motion to decertify the class [at this stage] if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart*, 276 F.R.D. at 213.

### B. Mr. Couch And His Claims Should Not Be Considered When Deciding This Motion.

Plaintiff Anthony Couch now claims that Certified Flooring failed to pay him overtime wages for years in contravention of FLSA and applicable state wage and hour statutes. (Declaration of Anthony Couch, Doc.#8-1; Complaint, Doc.#1; Amended Complaint, Doc.#7). Mr. Couch was employed by CFI for approximately 14 months. Just before his termination of employment from CFI on or about January 22, 2018, Mr. Couch filed for Chapter 7 bankruptcy on January 8, 2018, in that proceeding styled *In re Anthony J. Couch,* United States Bankruptcy Court, Southern District of Ohio, Case No. 1:18-bk-10057.

Mr. Couch failed to disclose any potential employment and other claims against CFI as assets in his bankruptcy case. Nevertheless, on April 4, 2018, Mr. Cough signed his *Notice of Consent* for this action that, among other things, acknowledged that he was going to be a party-plaintiff in this action, that he opted-in to the purported class, and that he acknowledged that this action is being brought against CFI under the FLSA. Upon becoming aware of his claims against CFI, Mr. Couch did not attempt to amend his bankruptcy petition, as required by the federal bankruptcy laws, although he clearly

was fully aware of the material facts that allegedly support these claims. Thus, on August 17, 2018, relying on Mr. Couch's non-disclosures, the Bankruptcy Court entered an order of discharge to him and legally absolved Mr. Couch of his debts without ever being notified of his claims against CFI. On January 24, 2019, Mr. Couch commenced this action against CFI at a time when his bankruptcy proceeding remained pending. The bankruptcy case was terminated on February 6, 2019.

CFI moved to dismiss Mr. Couch and his claims with prejudice under FRCP 12(b)(6) premised upon the doctrine of judicial estoppel. (Motion to Dismiss, Doc.#10). *See, e.g., White v. Wyndham Vacation Ownership, Inc.,* 617 F.3d 472, 478 (6th Cir. 2010); *Thomas v. Procter and Gamble Distributing LLC*, No. 1:11-cv-796, 2012 WL 4107868 at *2-*3 (S.D. Ohio Sep. 19, 2012). They should be dismissed. Without a viable FLSA claim against CFI, Mr. Couch cannot represent others whom he allege were similarly situated under FLSA. *White v. Baptist Memorial Health Care Corp.,* 699 F.3d 869 , 878 (6th Cir. 2012). "[A] lead plaintiff cannot be similarly situated and represent opt-in plaintiffs without a viable claim." *Id.* Mr. Couch and his claims and testimony should be disregarded in deciding this motion. *Id.; Hamm v. Southern Ohio Medical Center,* 275 F. Supp.3d 863, 869 (S.D. Ohio 2017).

**C.** **Plaintiffs' Suggested Conditional Class Is Not Similarly Situated To Each Putative Plaintiff And Involves Prohibited Speculation That Renders The Proposed Class Unmanagable.**

In support of the motion, each plaintiff states that he was employed by CFI as a full-time carpet installer. (Belser Dec., Doc.#8-2, PageID#54; Hensley Dec., Doc.#8-3, PageID#57; Muccillo Dec., Doc.#8-4, PageID#60). Each plaintiff additionally states that CFI never paid him premium pay for any overtime hours, *i.e.,* above 40 hours, he worked in any workweek. (Belser Dec., Doc.#8-2, PageID#56; Hensley Dec., Doc.#8-3,

PageID#59; Muccillo Dec., Doc.#8-4, PageID#61).[1]  Each plaintiffs further states that he was compensated by CFI on a piece rate of pay; that is, so much money earned for each square yard of carpet installed.  (Belser Dec., Doc.#8-2, PageID#55; Hensley Dec., Doc.#8-3, PageID#58; Muccillo Dec., Doc.#8-4, PageID#61).  No plaintiff stated: (i) that he was ever compensated by CFI at an hourly rate, and (ii) that he had personal knowledge about the overtime situation of all CFI carpet installers who were paid hourly.  (*Id.*).

Lastly, no plaintiff stated that CFI management classified them as exempt employees.  (*Id.*).  While Mr. Belser and Mr. Hensley reportedly said that the piece rates of pay applicable to plaintiffs "were going to remain constant, regardless of the number of hours we worked in a workweek" (Belser Dec., Doc.#8-2, PageID#55; Hensley Dec., Doc.#8-3, PageID#58), neither plaintiff suggested that CFI managers Jason Dehner and Tommy Edwards would not pay them or any other carpet installer overtime pay when earned.  (*Id.*).

Notwithstanding having no personal knowledge of the overtime status or situations of CFI carpet installers who were compensated on an hourly rate, plaintiffs yet ask the Court to encompass hourly-rate installers within the scope of their conditional class:

> This notice applies to any Carpet Installer currently or formerly employed by Certified Flooring Installation, Inc., between the time period of January 24, 2016, and the present who was classified as an exempt employee and was not paid time-and-a-half for all hours worked in excess of 40 hours per week.

(Notice of Rights, Doc.#8-5, PageID#63).

---

[1]  It is premature at this point in the case for CFI to present contravening argument to plaintiffs' allegations of wrongdoing under FLSA.  *Abner,* 2019 WL 1573201 at *4.  At the risk of understatement, CFI vehemently denies any liability to plaintiffs or that it violated FLSA or any state wage and hour statute.

Plaintiffs may not engage in speculation on the issue of whether CFI classified its carpet installers as "exempt employees" under FLSA.  *See, e.g., Smith v. CHS Employment Services, LLC,* No.: 2:17-cv-1077, 2018 WL 4620318 at *5 (S.D. Ohio Sep. 26, 2018) (denying certification where proposed class is not manageable, in part because plaintiff offered little evidence proving a widespread discriminatory plan that applied to all hourly employees).  Carpet installers at CFI are non-exempt employees and the alleged statements of CFI's managers do not contradict that status/fact. As it now stands, the number of carpet installers "who were classified as an exempt employee" by CFI will be zero.

Likewise, plaintiffs' speculation about the lack of overtime pay for CFI's carpet installers paid on an hourly basis cannot support their motion.  *Id.*  Plaintiffs only have personal knowledge of alleged lack of overtime for carpet installers paid on a piece rate basis, yet they seek to include in the class carpet installers over whom they have no personal knowledge.  Again, speculative statements offered in connection with this motion may not for the basis of a conditional certification,  *Id.* at *4.  Additionally, there is a lack of similar situation between plaintiffs and hourly paid carpet installers at CFI. These speculative deficiencies in plaintiffs' definition of the putative class render it unmanageable under *Lewis v. Huntington Nat'l Bank*, 789 F. Supp.2d 863, 868 (S.D. Ohio 2011).

### III.  **CONCLUSION**.

For the reasons set forth above, plaintiffs' motion should be denied.  A proposed Order denying the motion is tendered contemporaneously herewith.

Respectfully submitted,

/s/Robert A. Winter, Jr.
Robert A. Winter, Jr. (#0038673)
P.O. Box 175883
Fort Mitchell, KY 41017-5883
(859) 250-3337
robertawinterjr@gmail.com

Trial attorney for defendant
Certified Flooring Installation, Inc.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) and other applicable law, I certify that on April 15, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/Robert A. Winter, Jr.
Robert A. Winter, Jr.